IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

MERLEAN JOHNSON,

    Plaintiff,

v.                                        CASE NO. CV-05-J-0120-J

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 17). Plaintiff filed a response (doc. 20) and supporting evidence (doc. 21), and Defendant filed a reply (doc. 22). The court has carefully considered the motion, evidence and arguments submitted by the parties in support of their respective positions.

## I. FACTUAL BACKGROUND

Plaintiff, Ms. Merlean Johnson, was insured under a disability insurance policy issued by Defendant, Unum Life Insurance Company of America ("Unum"). Plaintiff's insurance policy with Unum was arranged through Plaintiff's employment with the Fayette County Board of Education. Under the

Policy, the definition of "disability" changes after 24 months of payments. (Exhibit 1 at UACL00113).  Initially, the Policy requires the claimant be unable to perform the duties of the claimant's regular occupation before the claimant receives disability payments.  *Id.*  After claimant has been deemed disabled and given payments for two years, the Policy then requires the claimant be unable to perform the duties of any gainful occupation for which the claimant is reasonably fitted by education, training or experience. *Id.*

Plaintiff made a claim for her disability benefits under the policy on June 25, 2001. Pl. Br. at 1.  Plaintiff based her claim for disability payments upon diagnoses of cerebrovascular disease, carpal tunnel syndrome, diabetes, back and neck problems, and neuropathic pain.  *Id.*  Plaintiff was subsequently awarded disability payments. (Exhibit 1 at UACL00418).  Plaintiff received disability payments for the entire initial 24 month period.  (Exhibit 1 at UACL00391). Plaintiff's dispute with Defendant does not arise out of the payments during the initial 24 months.

Just prior to the conclusion of 24 months of payments, Defendant concluded Plaintiff was not disabled for purposes of the Policy. That is, Defendant determined Plaintiff was able to be gainfully employed after the 24 month period ended. (Exhibit 1 at UACL00390).  Defendant subsequently terminated disability

payments to Plaintiff after making payments to the plaintiff for the 24 month period.  Plaintiff alleges Defendant breached the contract between the parties by terminating Plaintiff's payments.  Plaintiff also alleges Defendant breached the contract in bad faith by having a preconceived plan to terminate Plaintiff's disability payments before conducting a thorough review of Plaintiff's medical history.

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Supreme Court has explained the summary judgment standard as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23.  The party moving for summary judgment

always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e).  In meeting this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial."  Fed. R. Civ. Pro. 56(e); *Matsushita*, 475 U.S. at 587;  *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).  A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment.  *Brown v. Am. Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

   Additionally, the court may disregard affidavits submitted on summary judgment motions which contradict material facts given in an earlier sworn statement.  Under Eleventh Circuit precedent, the court may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment

when that affidavit is directly contradicted by the affiant's deposition testimony. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n. 7 (11th Cir. 2003). "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact [for summary judgment], that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins and Assoc., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

### III. DISCUSSION

### Breach of Contract Claim

Plaintiff alleges Defendant's termination of Plaintiff's disability payments after 24 months constituted a breach of the contract between the two parties. According to the Policy, after an initial disability determination and 24 months of subsequent payments, the definition of "disability" is then satisfied when UNUM determines that claimant is unable to perform the duties of "any gainful occupation" for which the claimant is "reasonably fitted by education, training or experience. (Exhibit 1 at UACL00113). Additionally, the Policy provides as follows regarding the length of time that Unum will pay disability benefits:

> "We will stop sending you payments and your claim will end on the earliest of the following:

   - during the first 24 months of payments, when you are able to work in your   regular occupation on a part-time basis but you choose not to;

   - after 24 months of payments, when you are able to work in any gainful occupation on a part-time basis but you choose not to;

   - the end of the maximum period of payment;

   - the date you are no longer disabled under the terms of the plan;

   - the date you fail to submit proof of continuing disability;

   - the date your disability earnings exceed the amount allowable under the plan; or

   - the date you die."

(Exhibit 1 at UACL 00103).

On March 28, 2003, Defendant received an Insured's Supplemental Statement from Plaintiff and a completed Estimated Functional Abilities Form and medical records from Dr. Todorov, Plaintiff's attending physician. (Exhibit 1 at UACL00346-53).  Dr. Todorov checked the portion of the Estimated Functional Abilities Form for "Sedentary Activity."  "Sedentary Activity" is defined on the form as "10 lbs. maximum lifting or carrying articles, Walking/standing on occasion.  Sitting 6/8 hours."  (Exhibit 1 at UACL00351.)  Dr. Todorov also

checked the portion of the form for "Light Activity," which is defined on the form as "20lbs. maximum lifting, carrying 10 lb. articles frequently, most jobs involving standing with a degree of pushing and pulling. Standing 6/8 hours." (Exhibit 1 at UACL00351.) Dr. Todorov verified his thoughts on Plaintiff's abilities during his deposition by testifying that he believed Plaintiff was capable of engaging in sedentary and light activity for some period of time when he completed the Estimated Functional Abilities Form. Todorov Depo. at 32. At the time of his deposition, Dr. Todorov's position on Plaintiff's ability to work had not changed as he testified, "this person should be able to do light, sedentary activity."

     Plaintiff has implied that Dr. Fernandez, who works in the same office as Dr. Todorov, knew more about Plaintiff's condition than Dr. Todorov, Plaintiff's attending physician. However, Dr. Fernandez, during his deposition, did not disagree with Dr. Todorov's assessment of Plaintiff's condition. *See* Fernandez Depo. That is, Plaintiff could perform light/sedentary activity. Dr. Fernandez outlined potential scenarios involving Plaintiff's condition, but did not testify that Plaintiff was currently unable to do light/sedentary work. Fernandez Depo. at 0050. As to the ultimate question of whether Plaintiff was completely disabled, he testified, "[s]o the interpretation of can she work or not on sedentary jobs, I'll leave it to y'all." Fernandez Depo. at 0052.

Plaintiff bears the burden of presenting evidence of the following elements in a breach of contract claim: "(1) the existence of a valid contract binding the parties in the action, "(2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Jones v. Alfa Mut. Ins. Co.*, 875 So. 2d 1189, 1195 (Ala. 2003) (quoting *Ex parte Coleman*, 861 So. 2d 1080, 1085 (Ala. 2003)).[1] Plaintiff's breach of contract claim fails on the second element. Plaintiff has not shown her own performance under the contract. That is, Plaintiff has not shown that she was disabled according to the terms of the contract. The evidence shows that Plaintiff was able, according to the physicians who examined her, to participate in light/sedentary activity. *See* Todorov Depo. Without a showing of disability, Defendant is not obligated to make disability payments to Plaintiff. Therefore, Defendant's refusal to make such payments does not constitute a breach of the contract between the parties.

## Bad Faith Claim

As the evidence shows Defendant did not breach the contract between the parties, Plaintiff's bad faith claim is moot.

## IV. CONCLUSION

---

[1] Under the Policy, the Claimant (Plaintiff) also bore the burden of presenting evidence of disability to the Insurer. (Exhibit 1 at UACL 00088)

Having considered the foregoing, court finds that Plaintiff has failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial.  It is therefore **ORDERED** that Defendant's motion for summary judgment is **GRANTED**.  The plaintiff's claims shall be **DISMISSED WITH PREJUDICE** by separate Order.

**DONE** and **ORDERED** this the 16th day of February, 2006.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE